IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal Action No. 3:14-cr-82-1

ANTON LAMONT BREWER,
      Petitioner.

## OPINION

Anton Lamont Brewer, a federal inmate proceeding with counsel, asks the Court to reconsider its decision to deny his 28 U.S.C. § 2255 motion, arguing that the Court wrongly considered Hobbs Act robbery as the predicate "crime of violence" for his conviction under 18 U.S.C. § 924(c). Because Brewer has not presented any meritorious grounds to reconsider the Court's decision denying his § 2255 motion, the Court will deny his motion to alter or reconsider.[1]

## I. BACKGROUND

On June 17, 2014, a federal grand jury returned an indictment charging Brewer with conspiracy to obstruct, delay, and affect commerce by robbery ("conspiracy to commit Hobbs Act robbery"), in violation of 18 U.S.C. § 1951 (Count One); three counts of interference with commerce by robbery ("Hobbs Act robbery"), in violation of § 1951 (Counts Two, Three, and Five); and use and carry of a firearm during and in relation to a crime of violence, in violation of § 924(c) (Count Four). (Dk. No. 1.) The "crime of violence" underlying Count Four was Hobbs Act robbery allegedly committed on or about February 18, 2013.[2] (*Id.* at 4.) Count Three alleged

---

[1] Because the Court will deny the motion on other grounds, it need not reach the issue of timeliness or procedural default.

[2] Specifically, the indictment alleged that "[o]n or about February 18, 2013," Brewer used, carried, and brandished a firearm "during and in relation to a crime of violence, to wit: interference with commerce by robbery in violation of 18 U.S.C. § 1951." (Dk. No. 1, at 4.)

that Brewer committed Hobbs Act robbery "[o]n or about February 18, 2013." (*Id.*) On August 19, 2014, Brewer pled guilty to Counts One and Four. (Dk. No. 14.) On November 5, 2014, the Court sentenced Brewer to a total of 144 months of imprisonment. (Dk. No. 27.)

One June 26, 2016, Brewer filed a motion challenging his conviction under 28 U.S.C. § 2255. The Court held the motion in abeyance pending decisions from the Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and the Fourth Circuit in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc). In June, 2019, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). Following the Supreme Court's decision in *Davis*, the Court denied Brewer's § 2255 motion. (Dk. Nos. 89, 90.) Brewer has now moved to alter or reconsider the Court's decision to deny his motion pursuant to Federal Rule of Civil Procedure 59(e).

## II. DISCUSSION

The Fourth Circuit "recognize[s] three grounds for amending an earlier judgment" under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).[3] Brewer contends that, because the plea agreement does not specifically state which charge served as the predicate offense for his § 924(c) conviction, the Court erroneously concluded that his conviction was predicated on Hobbs Act robbery.

First, neither *Davis* nor *Simms* constitutes an intervening change in controlling law. When the Court held that Hobbs Act robbery qualified as a valid predicate offense to uphold Brewer's § 924(c) conviction, it explained that "[t]he Fourth Circuit's decision in *Simms* and the Supreme Court's decision in *Davis* [did] not alter this conclusion." (Dk. No. 89, at 4.) Thus, the Court

---

[3] The Court understands Brewer to seek relief under the first and third grounds.

2

considered the legal significance of *Davis* and *Simms* when it rendered its initial decision. *Cf. Huff v. Attorney Gen. of Va.*, No. 3:08cv257, 2009 WL 1160174, at *1 (E.D. Va. Apr. 28, 2009) ("Rule 59(e) motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.").

Second, Brewer appears to argue that the Court committed a clear error of law. Brewer's plea agreement provides that Brewer used, carried, and brandished "a firearm during and in relation to a crime of violence in violation of . . . [§] 924(c)." (Dk. No. 14, at 1.) Because the plea agreement does not specify which predicate offense supported the § 924(c) charge, Brewer argues that the Court must assume that his "§ 924(c) conviction was predicated on the least serious of the two offenses—which is Hobbs Act conspiracy." (Dk. No. 92, at 8-9.) Thus, he contends that the Court erred by relying on the substantive Hobbs Act robbery predicate when denying his § 2255 motion.

The indictment, however, establishes that the "crime of violence" underlying Brewer's § 924(c) charge is Hobbs Act robbery—a valid predicate offense—not conspiracy to commit Hobbs Act robbery—an invalid predicate offense.[4] Count Four alleges that "[o]n or about February 18, 2013," Brewer used, carried, and brandished a firearm "during and in relation to a crime of violence, to wit: interference with commerce by robbery in violation of 18 U.S.C. § 1951." (Dk. No. 1, at 4.) Count Three charges Brewer with Hobbs Act robbery allegedly committed "[o]n or about February 18, 2013." (*Id.*) Count Four does not allege that conspiracy

---

[4] *Compare United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019), *and cert. denied sub nom. Stokes v. United States*, 140 S. Ct. 640 (2019) ("Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."), *with Simms*, 914 F.3d at 233-34 (holding that conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence under the elements clause).

3

to commit Hobbs Act robbery constitutes the underlying "crime of violence." Thus, Brewer's case differs from prosecutions in which the indictment charged both valid and invalid predicate offenses. *Cf. United States v. Taylor*, No. 3:08cr326-MHL, 2019 WL 4018340, at *4-5 (E.D. Va. Aug. 26, 2019), *appeal docketed*, No. 19-7616 (4th Cir. Feb. 12, 2020) (granting certificate of appealability on "whether an 18 U.S.C. § 924(c) (2018) conviction is subject to vacatur where the indictment charged multiple predicates, one of which is invalid").

The fact that Brewer did not plead guilty to Count Three—the valid predicate offense—does not render his § 924(c) conviction invalid. Indeed, "a defendant's conviction under § 924(c) 'does not depend on his being convicted—either previously or contemporaneously—of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt.'" *United States v. Hopkins*, 310 F.3d 145, 152 (4th Cir. 2002) (quoting *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997)). Brewer admitted to using, carrying, and brandishing a firearm during the February 18, 2013 Hobbs Act robbery in the statement of facts, which the parties incorporated into the plea agreement. (Dk. Nos. 14, § 3; 15, ¶ 4); *see Larode v. United States*, 356 F. Supp. 3d 561, 567-68 (E.D. Va. 2019) ("What matters . . . is not to which offenses [the defendant] pleaded guilty, but rather to what facts he stipulated in entering his plea and what predicate offenses he committed based on those facts.").[5] The Court's ruling, therefore, does not constitute a clear error of law.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A court will not issue a COA unless a prisoner makes "a substantial showing of the denial of a constitutional right." *Id.*

---

[5] *See also United States v. Clayton*, No. 3:13-cr-189-2, 2019 WL 1810986 (E.D. Va. Apr. 24, 2019), *appeal docketed*, No. 19-7074 (4th Cir. July 25, 2019) (placed in abeyance).

4

§ 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Brewer has not satisfied this standard. Accordingly, the Court will not issue a COA.

### III. CONCLUSION

Because Brewer has not presented any meritorious reason to alter or amend the Court's decision to deny his § 2255 petition, the Court will deny his motion. The Court will deny a certificate of appealability.

An appropriate Order will accompany this Opinion.

Let the Clerk send a copy of this Opinion to all counsel of record and to Brewer.

Date: 27 February 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

5